**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

JOHN PURNELL,                    )
        Plaintiff,          )
      v.               )
                        )
PREFERRED INVESTMENT     )     C.A. No. N13C-07-349 ALR
SERVICES, INC., &           )
EDWIN J. SWAN,          )
        Defendant,     )
      v.               )
                        )
BAIL BOND AGENCY, INC., &    )
JOHN PURNELL Individually,    )
        Defendants.    )

*Upon Reconsideration of*
*the Granted Motion to Vacate the Granted Motion to Dismiss*
**ORDER**

Plaintiff John Purnell filed a Motion to Reargue this Court's Order granting Defendant's Motion to Vacate the Court's earlier Order dismissing Defendant's claims against Purnell in an individual capacity. The Court granted Purnell's Motion for Reargument over the objection of Defendant, Preferred Investment Services Incorporated ("PISI"). The Court heard oral argument on November 14, 2014. Following oral argument, the Court makes the following findings:

1. On July 22, 2014, the Court entered an Order dismissing claims against Purnell individually.

2. On October 24, 2014, PISI filed a Motion to Vacate the Court's Order dismissing claims against Purnell individually based on newly discovered

evidence which "obligated Purnell personally and individually for the loan stated in . . . [PISI's] Amended Complaint."[1]

3. The recently discovered evidence includes two promissory notes and a personal letter from Purnell admitting to personal liability under the debt. Despite possessing the documents since the inception of this case, PISI did not proffer the evidence to the Court earlier because PISI could not locate the documents "after a lengthy search." However, PISI eventually located the documents in an incorrect office file and utilized the evidence to achieve relief from judgment.

4. Purnell opposed PISI's use of the evidence to support the Motion to Vacate, arguing that PISI possessed the documents since inception of this case and therefore, the evidence was not "newly discovered." However, the Court granted PISI's Motion to Vacate over Purnell's objection.

5. Subsequently, on October 29, 2014, the Court granted Purnell's Motion for Reargument on the Court's Order vacating the dismissal of claims against Purnell individually and heard oral argument.

6. While the Court is frustrated with PISI's mishandling of judicial process and lack of consideration for judicial economy, the Court has a binding duty to

---

[1] PISI's Mot.to Vacate, ¶ 2, Oct. 24, 2014.

admit the evidence offered by PISI pursuant to the Delaware Supreme Court's holding in *Wimbledon Fund LP v. SC Special Solutions Fund LP*.[2]

7. The Court notes that the documents offered by PISI are incomplete as currently presented; the documents were in PISI's possession since the inception of this case; and that PISI should have located and disclosed the documents at an earlier stage of litigation. Nonetheless, the Court feels required to accept the documents in accordance with binding Delaware Supreme Court precedent.

8. Therefore, based on PISI's recently discovered documents, PISI can continue to pursue a claim against Purnell individually with respect to Count III – Breach of Loan Agreement (Second Amended Complaint), for $42,000.[3] Nevertheless, PISI's ability to succeed on the claim against Purnell largely depends on PISI's presentation of a *prima facie* case at trial.

The claims against Purnell individually are hereby reinstated, as to Count III – Breach of a Loan Agreement (Second Amended Complaint) in the amount of $42,000, as evidenced in the recently discovered documents.

**IT IS SO ORDERED.**                    *Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[2] 2011 WL 378827 (Del. Ch. Feb. 4, 2011), *rev'd* 70 A.3d 207 (Del. 2011).
[3] PISI Mot. Vacate, Ex. A, Oct. 24, 2014.